**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JABARI KNOX, | ) |
|     Plaintiff, | ) Case: 1:25-cv-3130 |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, a municipal corporation, | ) |
| AMBER WILSON, NATASHEE SCOTT, | ) |
| GARIEN GATEWOOD, ANA VALENCIA, | ) |
| KATHRYN O'CONNELL, in their individual | ) |
| capacity, | ) |
|     Defendants. | |

## ORIGINAL COMPLAINT

NOW COMES Plaintiff, JABARI KNOX, by and through his attorney, Danielle A. Pinkston, of the PINKSTON LAW GROUP, P.C., complaining of Defendants, CITY OF CHICAGO, a municipal corporation, Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, And Kathryn O'Connell, in their individual capacity, stating as follows:

### INTRODUCTION

1. This action arises from the wrongful and retaliatory termination of Plaintiff's employment, resulting from a concerted effort by Defendants to defame and discredit Plaintiff based on knowingly false and malicious allegations, resulting in violations of Plaintiff's constitutional rights.

2. Defendants acted under color of law and conspired to violate Plaintiff's constitutional rights under the First and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. § 1983, and committed several torts under Illinois state law including defamation, tortious interference with a contract, and intentional infliction of emotional distress, arising from his wrongful termination based on false and defamatory statements.

1

3. Defendants, acting individually and in concert, conspired to defame Plaintiff, falsely accuse him of wrongdoing, interfered with his employment, and ultimately cause his termination without due process.

4. As a result, Plaintiff suffered economic losses, reputational harm, emotional distress, and other damages.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 for claims arising under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964.

6. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) as the events giving rise to this action occurred within the Northern District of Illinois.

## PARTIES

8. On April 2, 2024, Plaintiff was a male resident of Illinois and former employee of the City of Chicago.

9. On April 2, 2024 and at all relevant times, Defendant City of Chicago was the employer of Plaintiff and Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Anna Valencia, and Kathryn O'Connell.

10. On April 2, 2024 and at all relevant times, Defendant Amber Wilson was an agent, employee, and/or servant of the City of Chicago and at various times was acting within the course and scope of that employment.

11. On April 2, 2024 and at all relevant times, Natashee Scott, Assistant Deputy Mayor of Community Safety was an agent, employee, and/or servant of the City of Chicago and was

acting within the course and scope of that employment for the City of Chicago who actively supported and re-published false and defamatory statements claims to Defendants Garien Gatewood, Anna Valencia, Kathryn O'Connell and others.

12. On April 2, 2024 and at all relevant times, Defendant Garien Gatewood, was a manager who re-published false and defamatory statements to City of Chicago police chiefs and personnel, leading to an unjustified police report against Plaintiff.

13. On April 2, 2024 and at all relevant times, Defendant Anna Valencia was and still is the City Clerk of Chicago who re-published false and defamatory statements to Kathryn O'Connell and others.

14. On April 2, 2024 and at all relevant times, Defendant Kathryn O'Connell was and still is the Chief of Staff in the Office of the City Clerk who re-published false and defamatory to other within City departments.

## FACTUAL ALLEGATIONS

15. Plaintiff was a Director of License Administration employed by Defendant City of Chicago in good standing until his wrongful termination.

16. Plaintiff filed a police report and sought an emergency order of protection against Defendant Amber Wilson due to domestic violence and harassment.

17. In retaliation and on the advice of Natashee Scott, Defendant Amber Wilson filed a false and defamatory police report against Plaintiff, claiming abuse and harassment weeks after Plaintiff filed his Emergency Petition for Order of Protection.

18. Defendant Amber Wilson published the false and defamatory statements with Defendant Natashee Scott, their mutual friend Camille Lindsay, and others, including an affidavit containing fabricated claims of abuse.

3

19. Defendant Amber Wilson testified at Plaintiff's Order of Protection hearing that she had conversations with Defendants Natashee Scott, Garien Gatewood, and others.

20. Plaintiff believes Defendant Amber Wilson published false and defamatory statements.

21. Defendant Scott then re-published the defamatory statements to Defendant Garien Gatewood, a male manager.

22. Defendants Natashee Scott and Garien Gatewood both contacted police chiefs on their personal cell phones and re-published the false and defamatory statements to them, in an attempt to have a Chicago Police Officer go to Amber Wilson's home to draft a police report against Jabari Knox on her behalf.

23. Defendant Natashee Scott re-published the false and defamatory statements to Defendant City of Chicago Clerk Anna Valencia and others.

24. Defendant Ana Valencia re-published the false and defamatory statements with Defendant Kathryn O'Connell, Chief of Staff for the City of Chicago Office of the City Clerk who published the false and defamatory statements to Defendants Michelle Levar and HR Director Kendra Thomas.

25. Defendant Natashee Scott had a conversation with Defendant Kathryn O'Connell and further re-published the false and defamatory statements.

26. Defendant Natashee Scott testified at Plaintiff's Order of Protection hearing that she had conversations with Defendants Garien Gatewood, Anna Valencia, and Kathryn O'Connell.

27. Plaintiff believes Defendant Natashee Scott re-published false and defamatory statements made by Defendant Amber Wilson.

28. Defendant Kathryn O'Connell, knowingly and maliciously fabricated negative statements about Plaintiff's job performance.

29. These statements were not based on any documented disciplinary history or performance evaluations.

30. In fact, Plaintiff's personnel file contained no record of performance issues, infractions, or complaints.

31. Despite this, Defendant O'Connell falsely asserted that Plaintiff was unprofessional and unfit for his position and communicated these fabricated claims to Chief Legal Counsel Michelle Levar and HR Director Kendra Thomas.

32. Plaintiff was denied access to proper notice or opportunity to be heard to adequately defend himself.

33. These false statements contributed directly to the decision to terminate Plaintiff's employment.

34. These false statements were used to justify Plaintiff's termination without proper notice or opportunity to be heard.

35. The City of Chicago ratified and adopted this conduct, failing to investigate or follow lawful employment procedures.

36. As a result, Plaintiff suffered damage to his reputation, financial loss, emotional distress.

37. On January 22, 2025, Plaintiff filed an EEOC Charge against the Office of the City Clerk, City of Chicago, that is currently pending.

38. Plaintiff will request leave of court to amend his complaint to add on the pending employment causes of action.

**COUNT I: FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)**
(Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell)

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40. Plaintiff, at all relevant times, was an employee of Defendant City Of Chicago and was engaged in speech and/or conduct protected by the First Amendment.

41. Plaintiff engaged in protected speech by filing a police report and seeking a restraining order against Defendant Amber Wilson after she viciously harassed and battered him.

42. Defendant Amber Wilson, retaliated by publishing and spreading false allegations against Plaintiff.

43. Defendants Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell, re-published Defendant Amber Wilson's defamatory statements.

44. Defendant City of Chicago violated Plaintiff's First Amendment rights by condoning this retaliation.

45. Plaintiff was terminated based on false allegations of domestic violence made by Defendant Amber Wilson, which were known or should have been known to be untrue.

46. Plaintiff had previously spoken out on matters of public concern, including domestic violence and abuse.

47. Defendants City of Chicago acting under color of state law, unlawfully terminated Plaintiff in retaliation for engaging in constitutionally protected speech and/or conduct.

48. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, damage to his reputation, humiliation, inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures

of life, loss of well-being, lost wages and benefits, equanimity, and his overall health, strength, and vitality have been greatly impaired.

**COUNT II: FOURTEENTH AMENDMENT DUE PROCESS VIOLATION (42 U.S.C. § 1983)**
(Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell)

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell unlawfully retaliated against Plaintiff for the exercise of his rights under the First Amendment when he spoke to Chicago Police Officers about the incidents of violence and harassment against him by AMBER WILSON.

51. The First Amendment protects a wide spectrum of free speech and association, including a resident's right to speak freely, advocate ideas, and to petition his government for redress of grievances.

52. By calling the police and filing a police report, Plaintiff was engaged in the exercise of his rights under the First Amendment.

53. Defendants engage in retaliatory conduct against Plaintiff based on his engagement in protected speech.

54. Defendants attempted to intimidate, discourage, punish, humiliate, and teach Plaintiff a lesson.

55. Defendants intentionally subjected Plaintiff to retaliatory treatment by publishing false and defamatory statements unjustifiably causing Plaintiff's to be terminated.

56. Defendants' actions reflect a policy, custom, or pattern of official conduct of in and

7

condoning retaliation against individuals based in violation of the First Amendment.

57. The actions of Defendants against Plaintiff violated his rights guaranteed under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

58. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, damage to his reputation, humiliation, inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, lost wages and benefits, equanimity, and his overall health, strength, and vitality have been greatly impaired.

**COUNT III: FOURTEENTH AMENDMENT DUE PROCESS VIOLATION**
**(42 U.S.C. § 1983)**
(Against Defendant Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell)

59. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. Plaintiff had a legitimate property interest in his continued public employment with Defendant City of Chicago, protected under the Fourteenth Amendment of the United States Constitution, state law, and municipal policies.

61. Plaintiff's employment could not be terminated without due process, including prior notice and a meaningful opportunity to respond to the allegations against him.

62. Defendants, acting individually and in concert, deprived Plaintiff of his property interest in employment without affording him any pre-termination notice or hearing, and without conducting any proper investigation.

8

63. Plaintiff was terminated based on false and defamatory allegations, which were fabricated and disseminated by Defendants without allowing Plaintiff to contest or refute them.

64. These actions were taken under color of state law and in furtherance of an official policy, custom, or widespread practice of failing to provide adequate due process protections to municipal employees.

65. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, damage to his reputation, humiliation, inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, lost wages and benefits, and equanimity, and his overall health, strength, and vitality have been greatly impaired.

**COUNT IV: FOURTEENTH AMENDMENT EQUAL PROTECTION VIOLATION (42 U.S.C. § 1983)**
(Against Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell)

66. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

67. Plaintiff, a male employee, was subjected to adverse employment action based on his gender, in violation of his right to equal protection under the Fourteenth Amendment to the United States Constitution.

68. Defendants treated Plaintiff less favorably than similarly situated employees, including but not limited to failing to investigate allegations made against him while offering due process to employees facing similar accusations.

69. Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell, acting individually and in concert, relied on false and defamatory statements to justify Plaintiff's termination without affording him the same procedural protections or benefit of the doubt given to female employees.

70. Defendant City of Chicago, through its customs, policies, and practices, permitted or acquiesced in discriminatory treatment and failed to prevent or correct the unequal treatment despite being on notice of the disparity.

71. The aforementioned conduct constitutes intentional discrimination on the basis of sex, in violation of the Equal Protection Clause of the Fourteenth Amendment, actionable under 42 U.S.C. § 1983.

72. Defendants acted with discriminatory intent or, at minimum, deliberate indifference to Plaintiff's constitutional rights.

73. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, damage to his reputation, humiliation, inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, lost wages and benefits, equanimity, and his overall health, strength, and vitality have been greatly impaired.

**COUNT V: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)**
(Against Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell)

74. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell, acting individually and in concert, entered into an agreement or mutual understanding to deprive Plaintiff of his constitutional rights, including his rights under the First and Fourteenth Amendments.

76. The conspirators engaged in a pattern of coordinated acts, including the fabrication and dissemination of false allegations against Plaintiff, the manipulation of internal reporting and disciplinary mechanisms, and the exertion of influence over municipal decision-makers to ensure Plaintiff's termination.

77. The purpose and effect of the conspiracy was to retaliate against Plaintiff for engaging in protected conduct, including reporting domestic violence and pursuing legal remedies, and to discriminate against him based on his gender.

78. The actions taken in furtherance of the conspiracy were motivated by invidious discriminatory animus based on Plaintiff's gender and his exercise of constitutional rights.

79. As a direct and proximate result of Defendants' conspiracy and overt acts in furtherance thereof, Plaintiff was unlawfully terminated, deprived of due process and equal protection, suffered reputational and emotional harm, and incurred economic damages.

80. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, damage to his reputation, humiliation, inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, lost wages and benefits, equanimity, and his overall health, strength, and vitality have been greatly impaired.

## COUNT VI: TITLE VII SEX DISCRIMINATION
### (42 U.S.C. § 2000e et seq.)
(Against Defendant City of Chicago)

81. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82. Plaintiff is a male employee and a member of a protected class under Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment on the basis of sex.

83. Defendant City of Chicago subjected Plaintiff to discriminatory treatment based on his sex by relying on uninvestigated and false allegations of domestic violence to terminate his employment.

84. Defendant failed to provide Plaintiff with due process or conduct a meaningful inquiry before terminating him, in stark contrast to the treatment of similarly situated employees, who were given opportunities to respond and were not terminated without substantiated evidence.

85. Defendant's conduct constitutes unlawful sex-based disparate treatment in violation of 42 U.S.C. § 2000e-2(a), which prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's sex.

86. Defendant acted with bias and discriminatory intent, or at the very least, with deliberate indifference to the disparate treatment and impact of its actions on Plaintiff as a male employee.

87. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, damage to his reputation, humiliation, inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures

of life, loss of well-being, lost wages and benefits, and equanimity, and his overall health, strength, and vitality have been greatly impaired.

## COUNT VII
## DEFAMATION OF CHARACTER
(Against Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell)

88. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

89. Defendants made and published false and defamatory statements about Plaintiff, including but not limited to allegations that Plaintiff physically, emotionally, and verbally abused Defendant Amber Wilson, knowing these statements were false or acting with reckless disregard for the truth.

90. These statements were disseminated to third parties, including law enforcement officials, internal City of Chicago personnel, political colleagues, and other members of government, including the Mayor's and Governor's offices.

91. These statements were unprivileged and made maliciously with the intent to damage Plaintiff's personal and professional reputation.

92. The statements constitute defamation per se because they:

   a) Impute that Plaintiff committed a criminal offense, specifically domestic violence;

   b) Suggest Plaintiff was unfit to perform the duties of his employment;

   c) Imply a lack of integrity, capacity, or competence in his professional role;

   d) Were so egregious that the harm was apparent and obvious on the face of the statements.

93. These defamatory statements directly led to the erosion of Plaintiff's standing among his co-workers, superiors, and within the broader political and professional community.

94. Plaintiff suffered substantial harm to his reputation, including diminished job prospects, emotional anguish, financial hardship, and social stigma.

95. Defendants acted with actual malice, knowing their statements were false or with reckless disregard as to their truth or falsity, entitling Plaintiff to punitive damages.

96. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered reputational damage, economic loss, emotional distress, and other compensable injuries.

97. Plaintiff seeks actual, compensatory, and punitive damages in an amount to be determined at trial, as well as any further relief the Court deems just and appropriate.

### COUNT VIII: TORTIOUS INTERFERENCE WITH A CONTRACT
(Against Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell)

98. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99. At all relevant times, Plaintiff had a valid and enforceable employment contract with Defendant City of Chicago, which governed the terms and conditions of his employment.

100. Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell were aware of Plaintiff's employment relationship with the City of Chicago.

101. These individual Defendants, without privilege or justification, intentionally and maliciously interfered with Plaintiff's contractual relationship by making knowingly false and defamatory statements concerning his character, behavior, and job performance.

102. The false statements were a substantial factor in the decision to terminate Plaintiff's employment and were made with the intent to induce a breach or disruption of Plaintiff's contractual relationship.

103. The interference was not based on any legitimate personnel concern or internal policy, but rather was the product of personal animus, retaliation, and discriminatory motive.

104. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, damage to his reputation, humiliation, inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, lost wages and benefits, equanimity, and his overall health, strength, and vitality have been greatly impaired.

**COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(Against Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell)

105. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

106. Defendants engaged in extreme and outrageous conduct by knowingly fabricating and spreading false accusations that Plaintiff engaged in domestic violence and workplace misconduct.

107. Defendants' conduct went beyond all bounds of decency tolerated in a civilized community, especially given their positions of authority and influence within municipal government.

108. Defendants acted intentionally, or with reckless disregard, knowing their actions would likely cause Plaintiff severe emotional distress, humiliation, and reputational harm.

109. Defendants compounded their misconduct by actively coordinating the dissemination of these falsehoods, ensuring that they reached Plaintiff's supervisors, colleagues, law enforcement, and members of the broader political and professional community.

110. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, including anxiety, insomnia, loss of self-esteem, embarrassment, and public disgrace.

111. Plaintiff has also endured reputational injury, damage to his professional standing, and emotional trauma requiring treatment and support.

112. Defendants' actions were willful, malicious, and undertaken with conscious disregard for Plaintiff's rights, thereby justifying the imposition of punitive damages.

113. As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, damage to his reputation, humiliation, inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, lost wages and benefits, equanimity, and his overall health, strength, and vitality have been greatly impaired.

**COUNT X: 745 ILCS 10/9-102 – Indemnification**
(Against Defendant City of Chicago)

114. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein

115. Defendant City Of Chicago is or was at all relevant times, the employer of Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell.

116. Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

117. Pursuant to Section 10/9-109 of the Illinois Local Government and Government

Employees Tort Immunity Act, public entities are required to pay any tort judgment for compensatory damages against an employee acting within the scope of his or her employment. 745 ILCS 10/9-102.

118. Therefore, Defendant City of Chicago is liable as the employer for any resulting damages or award of attorney's fees.

### COUNT XI – State Law Claim Respondeat Superior
(Against Defendant City of Chicago)

119. Each paragraph of this Complaint is incorporated as if restated fully herein.

120. In committing the acts alleged in the preceding paragraphs, each of the Defendants Amber Wilson, Natashee Scott, Garien Gatewood, Ana Valencia, and Kathryn O'Connell were agents of City of Chicago and were acting at all relevant times within the scope of their employment.

121. Defendants City of Chicago is liable as principals for all torts committed by its agents.

### PRAYER FOR RELIEF

122. Plaintiff, **JABARI KNOX**, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**WHEREFORE,** Plaintiff **JABARI KNOX,** demands judgment against the **DEFENDANTS AMBER WILSON, NATASHEE SCOTT, GARIEN GATEWOOD, ANA VALENCIA,** and **KATHRYN O'CONNELL,** as follows:

A. Compensatory damages in an amount to be proven at trial;

B. P unitive and exemplary damages against each individual Defendant in an amount

appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. §2412, and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court maydeem proper.

Dated: March 24, 2025,  Respectfully submitted,

/s/ Danielle A. Pinkston

**PINKSTON LAW GROUP, P.C.**
Danielle A. Pinkston
Atty. No.: 6302271
54 North Ottawa Street, Suite #110,
Joliet, Illinois 60432
Office: (773) 770-4771
Fax: (773) 770-4772
dpinkston@pinkstonlawgroup.com
Atty. For: **JABARI KNOX** (Plaintiff)